UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO STRONG, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| vs. | ) Case No: 4:19CV141 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion pursuant to the Court's Show Cause Order. Movant has filed a reply to the Government's response. For the reasons set forth below, the Motion to Vacate is denied.

## FACTUAL HISTORY

The factual history of this matter is set out by respondent in its response.

## PROCEDURAL HISTORY

Movant was charged on March 9, 2016 by a federal grand jury in an eight-count indictment with the following conduct occurring on or about April 11, 2014: possessing a firearm as a previously convicted felon, in violation of 18 USC § 922(g)(1) (Count One); maintaining a drug premises, in violation of 21 USC §

856(a)(1) (Count Two); possessing with intent to distribute heroin, in violation of 21 USC § 841(a)(1) (Count Three); and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 USC § 924(c)(1) (Count Four). The indictment further alleged the following conduct occurring on January 7, 2016: possessing with intent to distribute a quantity of heroin, in violation of 21 USC § 841(a)(1) (Counts Five and Six); possessing a firearm in furtherance of the drug-trafficking crime, in violation of 18 USC § 924(c) (Count Seven); and possessing a firearm as a previously convicted felon, in violation of 18 USC § 922(g)(1) (Count Eight).

On April 27, 2017, Movant pled guilty to Counts one, six and seven.  The Government agreed to dismiss Counts two, three, four, five, and eight.

Movant appeared before the Court for sentencing on July 25, 2017. The United States having conceded Movant's objection to the guidelines calculation as to Counts One and Six contained in the PSR, the Court first found the Total Offense Level to be 21, resulting in a guidelines range of 77 to 96 months imprisonment. The Court denied Movant's motion for a downward variance and imposed a within-guidelines sentence of 77 months imprisonment on Counts One and Six to run concurrently with each other and consecutively to a sentence of 60 months on Count Seven.

Movant appealed, alleging that he was not given an opportunity to address the Court at his sentencing hearing, that his counsel was not given the opportunity to speak on his behalf, that the Court failed to provide an adequate explanation for the sentence imposed, and that the Court did not properly weigh all of the relevant sentencing factors as set forth in 18 U.S.C. § 3553(a). *United States v. Strong*, 17-7245. In response, the United States moved for remand "to allow Strong the opportunity to address" the Court. The United States' motion was granted on October.

On November 21, 2017, the Court resentenced Movant to the same sentence as previously imposed.

## CLAIMS FOR RELIEF

Movant set out three grounds for relief: (1) ineffective assistance of counsel because his counsel did not ask for a psychological examination; (2) ineffective assistance of counsel for counsel's failure to seek application of *Dean v. United States*, 137 S.Ct. 1170 (2017); and (3) "further support for application of *Dean* provisions."

## STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

3

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can

be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Standard for Ineffective Assistance of Counsel

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love*, 949 F.3d at 410 (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States of Am.*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective

5

assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". *Id.* Review of counsel's performance by the court is highly deferential, "and the Court presumes counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* The court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

6

been different". *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**

Movant claims that he received ineffective assistance of counsel because trial counsel did not ask for a psychological examination. He argues that having ingested a bottle of PCP when he was 15 months old caused him to have psychological problems into his childhood, adolescence and adulthood.

Movant's claim is without merit. During the plea hearing, the Court questioned Movant about his mental health. Movant admitted that he had taken medication for a mental illness, had stopped taking it and had once again started

7

taking it. He admitted feeling better with the medication, that he was feeling "fine" on the day of the plea, and that the medication helped him think clearly. He testified unequivocally that he wanted to plead guilty to the charges. He advised the Court that he was satisfied with counsel's performance, that counsel had answered all of his questions and that there was nothing he did not understand. At no time, although he was given the opportunity to address the Court, did Movant raise the issue of his mental issues nor that he did not understand the proceedings. Movant said nothing about his alleged ongoing effects of the childhood PCP ingestion.

Movant also advised the Court that he understood his rights to a trial, that by entering the plea he was giving up his right to trial and that no one was forcing him to do so. Again, Movant said nothing about his competency at that time. At the plea hearing, the Court determined Movant was competent to enter his plea. Movant did not challenge that finding in any way.

Likewise, in his communications with the Court, Movant never stated that he did not comprehend the nature of the charges against him, nor the consequences of his guilty plea. His communications were with regard to the punishment for his crimes. Movant very capably articulated his reasoning for his belief that he should not receive the amount of time as a result of his criminal history and nature of the offenses.

8

> A criminal defendant may not be tried unless he is competent. *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966), and he may not waive his right to counsel or plead guilty unless he does so "competently and intelligently," *Johnson v. Zerbst,* 304 U.S. 458, 468, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461 (1938); accord, *Brady v. United States,* 397 U.S. 742, 758, 90 S.Ct. 1463, 1474, 25 L.Ed.2d 747 (1970). In *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (*per curiam*), we held that the standard for competence to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." *Ibid.,* (internal quotation marks omitted). Accord, *Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial"). While we have described the standard for competence to stand trial, however, we have never expressly articulated a standard for competence to plead guilty or to waive the right to the assistance of counsel.

*Godinez v. Moran*, 509 U.S. 389, 396 (1993).  In addition, with respect to a guilty plea, the *Godinez* Court found that the trial Court is required to determine that the defendant's plea is knowing and voluntary.

> A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary. *Parke v. Raley,* 506 U.S. 20, 28–29, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992) (guilty plea); *Faretta, supra,* 422 U.S., at 835, 95 S.Ct., at 2541 (waiver of counsel). In this sense there *is* a "heightened" standard for pleading guilty and for waiving the right to counsel, but it is not a heightened standard of *competence*.

*Id*. at 509 U.S. 400–01, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993)(emphasis in original).

9

The Court questioned Movant as to voluntariness and as to whether it is what he wanted to do. Movant's answers clearly establish that the plea was indeed both voluntary and knowing. Ground one is denied.

**Grounds Two and Three**

For Grounds Two and Three, Movant claims counsel failed to seek application of *Dean v. United States*, ––– U.S. ––––, 137 S.Ct. 1170 (2017).

The Supreme Court held that a district court is not prohibited from considering the impact of the mandatory minimum sentence required under 18 U.S.C. § 924(c) in determining the appropriate sentence for the predicate offense. *See id.* at 1176 ("Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count.").

Basically, the holding of *Dean* is to the effect that a district court may consider the entire sentence when determining the appropriate sentence for non–924(c) counts. The minimum sentence for the Section 924(c) counts are set by statute and do not require discretionary judgments of the district court.

Movant does not state exactly how a *Dean* argument would have helped his sentence. He does not point to any part of the record that this Court did not understand its ability to impose the sentence it did. This court properly considered what a total sentence should be in this case. The government did not argue at

Movant's sentencing hearing (as it did in the *Dean* case) that the Court was required to consider the sentence for the non–924(c) count before it decided the total sentence. This Court did in fact consider the effect of the total sentence when imposing the sentence on each count. Movant merely assumes that if his attorney had mentioned the *Dean* case, his sentence would have been affected. Movant also assumes, without any basis, that this Court misunderstood its discretion after the holding of *Dean*. Again, this Court properly considered the full range of punishment for all counts, and that includes the minimum term of imprisonment as well as the maximum. Movant's alleged error is completely unsupported by the record and he has not shown prejudice to him. Without a showing of either error or prejudice, Movant cannot succeed in this claim. Grounds Two and Three are denied.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief. Movant's Motion to Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is therefore denied.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a

11

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, and its amendments are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 1st day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE